IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PRINCESS ANN PIERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:11cv424-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

The plaintiff, Princess Ann Pierson ("Pierson"), applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Based on the court's

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3]  *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.**  Pierson was 55 years old at the time of the administrative hearing. (R. 27). She has completed the eighth grade. (*Id*). The ALJ concluded that Pierson has severe impairments of "arthritis (multiple joints) by history, hypertension, diabetes mellitus, obesity, and chronic back pain, chest pain by history and gastroesophageal reflux disease." (R. 16). The ALJ concluded that because Pierson could perform a full range of light work, (*Id*.), she could return to her past relevant work as retail store manager, and, thus, she was not disabled. (R. 20).

**B. Plaintiff's Claims.**  Pierson presents two issues for the Court's review. As stated by Pierson, they are as follows:

1. The Commissioner's decision should be reversed, because the ALJ failed to afford proper weight to the medical opinion of Dr. Arnold, Ms. Pierson's treating physician.

2. The Commissioner's decision should be reversed, because the ALJ failed to issue a proper credibility finding.

(Doc. # 13, Pl's Br. at 4).

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to her past work. *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and her family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983). The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981). The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).

**A. Treating Physician's Opinion**. Pierson argues that the ALJ improperly failed give her treating physician's opinion substantial weight about the severity of her functional limitations. (Pl's Br. at 6, doc. # 13). On July 27, 2010, Dr. Arnold, a physician at Southern Family Practice, completed a clinical assessment of pain form describing Pierson's level of pain. (R. 274). According to Dr. Arnold, "[p]ain is present to such an extent as to be distracting to adequate performance of daily work activities." (*Id*.) Physical activity will "[g]reatly increase[] pain and to such a degree as to cause distract from tasks or total abandonment of task." (*Id*.) Dr. Arnold also completed a physical capacities evaluation in which he opined that Pierson would be absent from work more than four days a month. (R. 273).

Of course, the law in this circuit is well-settled that the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless good cause exists for not doing so. *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). The Commissioner, as reflected in his regulations, also demonstrates a similar preference for the opinion of treating physicians.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

*Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 CFR § 404.1527 (d)(2)).

The ALJ's failure to give considerable weight to the treating physician's opinion is reversible error. *Broughton*, 776 F.2d at 961-2.

However, there are limited circumstances when the ALJ can disregard the treating physician's opinion. The requisite "good cause" for discounting a treating physician's opinion may exist where the opinion is not supported by the evidence, or where the evidence supports a contrary finding. *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical evidence. *See Jones v. Dep't. of Health & Human Servs.*, 941 F.2d 1529, 1532-33 (11th Cir. 1991); *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence of the claimant's impairment. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Schnorr*, 816 F.2d at 581.

After reviewing all the medical records, the ALJ gave the opinion of Dr. Arnold "less weight" because "the medical records do not support such restrictive limitations and his opinions are not consistent with the medical record as a whole." (R. 19) Pierson argues that

Dr. Arnold's opinion should be accorded substantial weight because she sought medical treatment from his office, Southern Family Practices. (Pl's Br. at 7, doc. # 13). The court disagrees. The court has scoured the medical records and cannot find a single record that indicates that Dr. Arnold ever saw or examined Pierson. The medical records from Southern Family Practice *all* demonstrate that Pierson was seen by Cecelia Robinson, a certified nurse practitioner.[4] (R. 258-267). The Social Security regulations defines nurse practitioners as "other sources," but they are not considered "acceptable medical sources." 20 C.F.R. § 404.1513(a). *See also Cain v. Astrue*, 2010 WL 750333 (M.D. Fla., 2010) (No. 809CIV34T-17-MAP); *Morris v. Astrue*, 2010 WL 3951961 (N.D. Fla., 2010) (No. 4:09cv442-SPM/WLS); *Owens v. Barnhart*, 2006 WL 4791709 (M.D. Fla., 2006) (No. 805CV1399-T-EAJ). The ALJ was required to consider Robinson's treatment notes, but her opinion is not entitled to "substantial weight" as an "acceptable medical source." *Lacroix v. Barnhart*, 465 F.3d 881, 886 (8th Cir. 2006). Furthermore, because there is no evidence that Dr. Arnold was Pierson's treating physician, his opinion is also not entitled to "substantial weight." Based upon its review of the ALJ's decision and the objective medical evidence of record, the court concludes that the ALJ did not err in not according Arnold's opinion controlling weight.

**B. Credibility Finding**. As explained below, the ALJ did not fully credit Pierson's testimony. "Subjective pain testimony supported by objective medical evidence of a condition

---

[4] There is no evidence in the record to suggest that Robinson "work[ed] closely with, and under the supervision of," Dr. Arnold so that her opinion could be considered as "an acceptable medical source." *See Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1234 (9th Cir., 2011) quoting *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996).

that can reasonably be expected to produce the symptoms of which the plaintiff complains is *itself* sufficient to sustain a finding of disability." *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) an objectively determined medical condition of such severity that it can reasonably be expected to give rise to the alleged pain. *Landry,* 782 F. 2d at 1553. In this circuit, the law is clear. The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry*, 782 F.2d at 1553. Thus, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, the Commissioner has accepted the testimony as true as a matter of law. This standard requires that the articulated reasons must be supported by substantial reasons. If there is no such support then the testimony must be accepted as true. *Hale*, 831 F.2d at 1012.

After reciting the law, the ALJ acknowledged that Pierson has impairments that would reasonably be expected to the symptoms about which she complains but the ALJ then concluded that her testimony was not credible. (R. 17).

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment."

(*Id.*).

> The ALJ then summarized the medical record, and concluded that

> [w]hile the claimant does have some bilateral leg pain, her swelling has only been minimal. Furthermore, medical records do not support that her leg pain significantly limits her mobility. X-rays of her back as shown in Dr. Banner's report, Exhibit 4F, do not reveal significant findings. Although her diabetes mellitus has been uncontrolled in the past, the latest records and reports from the claimant indicated that her blood sugar readings were under control. Furthermore, there is no evidence of end organ damage, hair loss, or non-healing lesions or loss of reflexes in association with diabetic neuropathy. Additionally, the medical record as a whole, indicate that at times, the claimant has non-compliant with her medications and some treatment.

(R. 19).

A review of the ALJ's decision demonstrates that the ALJ properly considered and discredited Pierson's testimony, and the medical records support the ALJ's conclusion that while Pierson's impairments could reasonably be expected to produce pain, she was not entirely credible in her description of her symptoms or her pain. When she applied for disability, Pierson alleged an onset date of October 14, 2008. (R. 94, 107). She alleged disability due to heart problems, diabetes, high blood pressure, arthritis and severe back problems. (R. 107).

Prior to applying for disability, Pierson sought medical attention sporadically. On June 7, 2007, she reported chest pain and severe gas. (R. 171-79). A chest x-ray was normal. (R.

9

179).  On August 28, 2007, she was seen for hypertension and diabetes.  (R. 187-88).  On April 24, 2008, Pierson's blood pressure was elevated, and she had been off all her medications for two weeks.  (R. 218).  She was instructed to take her medication as prescribed.  (*Id*.)  On October 15, 2008, Pierson complained of chest pain.  (R. 189-207).  A chest x-ray was negative, and she was diagnosed with angina.  (R. 207).

Pierson saw Dr. Banner for a physical consultative examination on January 5, 2009.  Dr. Banner noted that Pierson had "no pain or difficulty getting on or off [the] table."  She was "able to walk normal steps, height and length without any deviation from straight line."  She was able to perform a tandem heel to toe walk satisfactorily and there was no evidence of ataxia.  (R. 213).  An x-ray revealed "minimal spondylolisthesis of L4 on L5, some narrowing of L5-S1 disc space, [and] early proliferative changes."  (R. 215).

On September 15, 2009, Pierson was seen by Nurse Practitioner Robinson at Southern Family Clinic.  (R. 265-67).  Pierson complained of pain in her left knee and leg, fatigue and depression.  (*Id*.)  She also reported that she had stopped taking Nexium.  (*Id*.)  Nurse Robinson noted that Pierson suffered from GERD, diabetes mellitus type II, hypertension, and pain.  She recommended prescription medication, exercise and weight loss.  (*Id*.)

On October 7, 2009, Pierson complained of heartburn and pain and cramping in her legs.  She reported to Nurse Robinson that she was not been taking her blood pressure medication.  (R. 263).  On February 11, 2010, Pierson complained of muscle spasms and cramping and swelling in her left knee.  (R. 262).  Nurse Robinson noted bilateral leg pain, diabetes and

obesity, and recommended Robaxin, exercise and weight loss. (*Id*.) On May 3, 2010, Pierson again complained of leg pains but stated that the pain was "not as bad." (R. 260). Nurse Robinson also noted that Pierson had failed to follow up on a scheduled appointment. (*Id*.).

On May 21, 2010, Pierson complained to Nurse Robinson of a toothache, insomnia, depression and severe pain in her legs. (R. 259) Nurse Robinson noted that Pierson was applying for disability, and that Pierson's weight was a "big problem." (*Id*.) It was "critical" that Pierson lose weight. (*Id*.) On June 10, 2010, Pierson saw Nurse Robinson. Although she complained that her legs were sore and it was hard to walk, treatment notes indicate that no edema or swelling was present. Nurse Robinson noted peripheral neuropathy but recommended continued prescriptions and exercise and weight loss. (*Id*.).

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate *reasons* for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones*, 941 F.2d at 1532 (articulated reasons must be based on substantial evidence). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" *Foote*, 67 F.3d at 1562, *quoting Tieniber*, 720 F.2d at 1255 (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).

Relying on the treatment records, objective evidence, and Pierson's own testimony, the

ALJ concluded that her allegations regarding the extent of her pain were not credible to the extent alleged and discounted that testimony. The objective medical evidence in the record supports that conclusion, and does not support Pierson's claims of intractable, disabling pain. Moreover, the frequency with which Pierson sought medical treatment and the timing of her complaints militates against her credibility. *See Dyer*, 395 F.3d at 1211-12. Consequently, the ALJ's reasons and conclusions that Pierson's testimony is inconsistent with the medical records are sufficient to support his credibility conclusion which the court will not disturb.

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed.

A separate order will be entered.

Done this 15th day of February 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE